**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Curtis Ward,

                      Plaintiff,        Case No. 25-cv-14111

v.                               Judith E. Levy
                                     United States District Judge
State of Michigan,

                                   Mag. Judge Elizabeth A. Stafford
                  Defendant.

_____/

## OPINION AND ORDER DISMISSING THE COMPLAINT [1]

Plaintiff Curtis Ward, proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is a state inmate incarcerated at the Woodland Center Correctional Facility in Whitmore Lake, Michigan. The Court granted him permission to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 4.) For the reasons set forth below, the Court dismisses the complaint without prejudice and concludes that an appeal cannot be taken in good faith.

### I.    Background

Plaintiff is serving a life sentence for a 1995 first-degree murder

conviction. *See* Michigan Department of Corrections Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile .aspx?mdocNumber=241654 (last accessed Apr. 6, 2026). In the complaint, Plaintiff names a single Defendant: the State of Michigan. (ECF No. 1, PageID.2.) Plaintiff alleges that he is "innocent of [his] crime." (*Id.* at PageID.4.) He states that "[n]o one saw me commit[ ] my crime so how did I do it." (*Id.* at PageID.5.) He asks "to be brought back to court and yall [sic] tell what yall [sic] did and the world goes to jail." (*Id.* at PageID.8.)

## II.   Legal Standard

The Prison Litigation Reform Act "requires dismissal of any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief." *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e),[1] 1915A; 42 U.S.C. § 1997e). "A complaint can be frivolous either factually or legally." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir.

---

[1] Section 1915(e)(2) requires the dismissal of a case "at any time" for the reasons listed above "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid." 28 U.S.C. § 1915(e)(2).

2

2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Courts hold a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III.  Discussion

Plaintiff challenges the validity of his state criminal conviction because he is innocent. A Supreme Court case called *Heck v. Humphrey*, 512 U.S. 477 (1994), requires that before a § 1983 plaintiff may bring a civil action seeking relief from an unconstitutional conviction or imprisonment, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. "This 'favorable termination' requirement holds true regardless of the relief sought by the plaintiff, *id.* at 487–89, and regardless of the target of the prisoner's suit. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)." *Sutherby v. City of*

*Southgate*, No. 23-cv-13112, 2024 WL 763334, at *2 (E.D. Mich. Jan. 25, 2024), *report and recommendation adopted*, No. 23-13112, 2024 WL 762364 (E.D. Mich. Feb. 22, 2024). Moreover, "*Heck* blocks a state prisoner's § 1983 claim if its success 'would necessarily imply the invalidity of his conviction or sentence.'" *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019) (quoting *Heck*, 512 U.S. at 487); *see Wilkinson*, 544 U.S. at 81–82 ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis in original)).

In this case, Plaintiff has not alleged or proven that his conviction or sentence has been overturned. And success on his claim would necessarily imply the invalidity of his conviction and sentence. *See id.* Therefore, Plaintiff's complaint is barred by *Heck. See Bridges v. Blackmon*, No. 23-3911, 2024 WL 4615351, at *1 (6th Cir. May 8, 2024) (determining that a *pro se* prisoner's "complaint is barred by *Heck* because prevailing on his claims would imply that his convictions and

sentence are invalid, and he did not allege that his criminal convictions had been overturned" (internal citations omitted)), *cert. denied*, 145 S. Ct. 1079 (2025); *Brown v. George*, No. 23-1584, 2023 WL 9023359, at \*2 (6th Cir. Dec. 14, 2023) ("Because [the plaintiff, a Michigan prisoner proceeding *pro se*,] did not allege that his conviction had been invalidated, the district court properly concluded that some, if not all, of his claims are barred by *Heck*."); *Woods v. State of Ohio*, 8 F. App'x 506, 507 (6th Cir. 2001) ("Because [the plaintiff, a state prisoner proceeding *pro se*,] has not shown that his conviction has been reversed, expunged, declared invalid, or otherwise called into question, his complaint is not cognizable under § 1983." (citing *Heck*, 512 U.S. at 487)). As a result, the complaint must be dismissed without prejudice. *See Parker v. Phillips*, 27 F. App'x 491, 493 (6th Cir. 2001) ("conclud[ing] that the district court properly dismissed [the plaintiff's § 1983 prisoner civil rights] complaint pursuant to 28 U.S.C. § 1915(e)(2)" in part because *Heck* "applie[d] to bar [the plaintiff's] claim"); *Sampson*, 917 F.3d at 882 ("order[ing] the district court to amend its judgment to dismiss without prejudice" the plaintiff's claim barred by *Heck* (citing *Diehl v. Nelson*, 198 F.3d 244 (6th Cir. 1999)); *Bey v. Gulley*, No. CIV.A. 02-71395-DT,

2002 WL 1009488, at *3 (E.D. Mich. May 6, 2002) ("Because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice." (citing *Diehl*, 198 F.3d at 244; *Bell v. Raby*, No. 99-72917, 2000 WL 356354, at *8 n.14 (E.D. Mich. Feb. 28, 2000))).

## IV.   Conclusion

For the reasons stated above, Plaintiff's § 1983 complaint (ECF No. 1) is barred by *Heck*. The complaint thus fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). Accordingly, the complaint is dismissed without prejudice. *See Parker*, 27 F. App'x at 493; *Sampson*, 917 F.3d at 882; *Bey*, 2002 WL 1009488, at *3.

The Court also concludes that an appeal from this opinion and order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

IT IS SO ORDERED.

Dated: April 6, 2026          s/Judith E. Levy
    Ann Arbor, Michigan          JUDITH E. LEVY
                            United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2026.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager

7